UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANTANA INFANTE,

    Petitioner,

v.                       Case No.8:11-CV-1525-T-17TBM
                                8:95-CR-288-T-17TBM
UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

Before the Court is Petitioner's motion styled "Motion for Post Conviction Relief and Vacate a Charge Pursuant to the Florida Rules of Criminal Procedure 3.850" (Cv-D-1; Cr-D-208).

By way of background, on March 1, 1996, a jury found the Petitioner guilty of count one of the indictment for conspiracy to possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846. (Cr-D-67, 68). On July 11, 1996, the Court sentenced Petitioner to a term of imprisonment of 151 months, to be followed by a five-year term of supervised release. (Cr-D-90, 91). On February 1, 1999, the Eleventh Circuit Court of Appeals

affirmed the Petitioner's conviction and sentence. (Cr-D-172.) On March 23, 1999, the Eleventh Circuit Court of Appeals denied Petitioner's petition for rehearing (Cr-D-171.) Petitioner's petition for writ of certiorari was denied on May 24, 1999. Infante v. United States, 526 U.S. 1139 (1999).

On May 23, 2000, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner argued his rights to a fair trial and due process of law were violated due to an invalid indictment and conviction in light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Second, Petitioner argued that the existence of newly discovered evidence warranted a new trial. By order dated January 8, 2001, the Court denied Petitioner's motion. The Eleventh Circuit denied Petitioner a certificate of appealability on May 21, 2001.

On November 8, 2006, Petitioner was released from prison and began serving his term of supervised release. On August 9, 2010, the Court discharged Petitioner from supervision. (Cr-D-207.)

On July 8, 2011, the Court received Petitioner's motion seeking to vacate his conviction and sentence. Petitioner

2

states that on October 8, 2010 he was given notice of an order of deportation and is currently detained pending deportation proceedings. Petitioner argues that his decision to pursue a trial in his underlying criminal case was not knowingly, intelligently or voluntarily made as his attorney failed to advise him of the possible deportable consequences.

The Court initially notes that Petitioner incorrectly relies on Florida Rule of Criminal Procedure 3.850 as the jurisdictional basis for his request that the Court vacate his conviction. Rule 3.850 is not applicable in this instance as Petitioner was found guilty of violating Federal, not Florida, law and is seeking relief in Federal court.

Because Petitioner is challenging his underlying conviction, the Court construes the motion as brought under 28 U.S.C. § 2255. As indicated above, Petitioner previously filed an unsuccessful § 2255 motion seeking to vacate his sentence. A federal prisoner who previously filed a § 2255 motion to vacate, set aside, or correct a sentence must apply for and receive permission from the court of appeals before filing a second or successive motion in the district

court. <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 944-45 (11th Cir. 2005). Petitioner has not demonstrated that he has met the foregoing requirement. Furthermore, Petitioner cannot seek relief under § 2255 in any event as he is no longer in custody. <u>See</u> 28 U.S.C. § 2255(a). Thus, the Court lacks jurisdiction to consider Petitioner's claim under § 2255.

Given Petitioner's pro se status, and in an abundance of caution, the Court alternatively construes Petitioner's motion as a petition for writ of error coram nobis brought under 28 U.S.C. § 1651. The Eleventh Circuit law is clear that, "[t]he writ of coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." <u>United States v. Mills</u>, 221 F.3d 1201, 1203 (11th Cir. 2000) (citing <u>United States v. Swindall</u>, 107 F.3d 831, 834 (11th Cir. 1997)), <u>cert. denied</u>, 531 U.S. 1144 (2001). It is available only to remedy errors "of the most fundamental character." <u>Mills</u>, 221 F.3d at 1203 (citing <u>United States v. Mayer</u>, 235 U.S. 55, 69 (1914)). Furthermore, a court can only consider a writ of coram nobis "where no other remedy is available and the petitioner presents sound reasons for failing to seek such relief earlier." <u>Mills</u>, at 1204.

Petitioner argues that Immigration officials have cited the plea he entered in the underlying criminal case as a basis to remove him from the United States. Petitioner contends that he was denied effective assistance of counsel in entering his plea because his counsel failed to advise him of the possible removal from the United States in violation of Padilla v. Kentucky, --- U.S. ----, 130 S.Ct. 1473 (2010). In Padilla, the Supreme Court held that failure to advise a defendant of deportation consequences of a guilty plea is per se ineffective assistance. 130 S.Ct. at 1486.

The Court notes that the neither the Supreme Court nor the Eleventh Circuit have decided whether Padilla is retroactively applicable to convictions on collateral review. The Court need not decide whether Padilla is retroactive, however, because Petitioner would not be entitled to relief in any event. Notably, unlike Padilla, Petitioner did not plead guilty but rather was found guilty after a jury trial. While Petitioner states that had he been properly advised, he would not have gone to trial, Petitioner has not presented any evidence demonstrating that he would have been able to enter a guilty plea that would

not have subjected him to the risk of removal. That is, that he was not an alien convicted "of a violation of (or a conspiracy or attempt to violate) any law ... of the United States ... relating to a controlled substance ..., other than a single offense involving possession of one's own use of 30 grams or less of marijuana" 8 U.S.C. § 1227(a)(2)(B)(I).

It is therefore ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV-D-1, CR-D-254) is DISMISSED for lack of jurisdiction. Petitioner's alternative petition for writ of coram nobis is DENIED.

(2) The Clerk is directed to enter judgment in favor of the Government and CLOSE this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. §

2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 29th day of July, 2011.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE